Rockwell D. Colaneri, J.
The defendant is charged with a violation of subdivision (c) of section 1180 of the Vehicle and Traffic Law, speeding 45 miles per hour in a posted school zone *427 where the posted speed is 15 miles per hour. The defendant appeared and defended on the grounds that school was not open at the time of the alleged infraction and hence the posted school zone speed does not apply.
The occurrence took place at 8:30 a.m. Wednesday, October 20, 1971 on Pulaski Road east of Elwood Road in the Town of Huntington, Suffolk County, New York. The defendant apparently had proceeded northerly on Elwood Road and made a right turn on to Pulaski Road and proceeded easterly passing the Pulaski Road Grade School. He passed the school speed sign which was located on the :south side of Pulaski Road, 50 feet east of the intersection. Police Officer Lippert had positioned himself at the southeast corner of the intersection, in a Texaco gas station, and when he saw defendant make his right turn, estimated defendant’s speed to be in excess of 15 miles per hour, and thusly gave chase.
The police officer further testified that there are lines in the roadway delineating a school crosswalk approximately 250 feet west of the intersection leading to the school entrance. The school property faces on at least three streets and is recessed a good distance back from the roadline of Pulaski Road. In fact, the police officer testified that the distance from his position at the Texaco station to the school building itself, is a good 2,000 feet as the crow flies. The police officer also testified that there was a school crossing guard on duty at the crosswalk (referred to above) at 8:30 a.m. and, in fact, the police officer testified that the school crossing guard came on duty at 8:15 a.m. that morning. He also testified that at 8:30 a.m. there were children about and making their way to school.
The defendant interposed a very interesting defense in that the school house was not open at the time, and, hence, he did not commit the infraction of speeding in a posted school zone. The defendant submitted the 1971-72 Guide and Directory of the Northport Public Schools as evidence of his position. That page of the directory pertaining to the schedule of school hours was received in evidence. The directory indicates that the Pulaski Road Grade School commences its classes at 8:50 a.m., and that the school buses arrive 5 to 10 minutes before school starts. There was also testimony on behalf of defendant that the Pulaski Road Grade School opens its doors at 8:40 in the morning.
The defendant’s contention is that the school doors not being open for the admission of pupils at 8:30 in the morning, the 15-mile per hour speed limit did not apply as children were not *428 “ going to or leaving school during opening or closing hours ” (Vehicle and Traffic Law, § 1180, subd. [c]). To put it another way, the defendant argues that the school is not open until the doors of the school are physically open for the admission of pupils.
Subdivision (c) of section 1180 of the Vehicle and Traffic Law provides: “(c) Whenever maximum school speed limits have been established on a highway adjacent to a school as authorized in sections sixteen hundred twenty, sixteen hundred twenty-two, sixteen hundred thirty, sixteen hundred forty-three or sixteen hundred sixty-two-a, no person shall drive in excess of such maximum school speed limits during the school noon hour, school recess, or while children are going to or leaving school during opening or closing hours”. (Emphasis supplied.)
A search of the law does not reveal any case in point on the set of circumstances presented herein, and the statute (Vehicle and Traffic Law, § 1180, subd. [c]) must be interpreted and applied to this fact pattern. The issue boils down to the reasonableness of the defendant’s argument. Is it reasonable to strictly construe the statute as meaning the precise moment that the school doors are opened (in this case at 8:40 a.m.) Í Such a construction would strain the reasonableness of the situation. If such be the case, a motorist would not be speeding one minute before the school doors open, and a burden to prove the precise time for the opening of the school doors would be imposed on the People. Such a burden would be unreasonable. The whole purpose of subdivision (c) of section 1180 would be negated. Section 1180 (subd. [c]) was enacted to protect school children from motorists as the children go to and from school.
It is reasonable to conclude that there are or may be children going to school and arriving at school as much as 10 minutes before the school doors are physically opened.
There is one factor in this case which in the court’s judgment is controlling, and that is the appearance of the school crossing guard at 8:15 a.m., which is a good 25 minutes before the school doors are opened. The function of the crossing guard is to regulate traffic, to direct children in crossing the street and ultimately to protect children from speeding motorists. The school crossing guard is stationed at her position at a time when children are going to or coming from school. We can thus conclude and this court holds that the opening of school commences at the time that the school crossing guard takes her (his) posi *429 tion in directing traffic, and that the closing of school is that time at which the school crossing guard leaves her (his) station.
After a careful consideration of all the evidence in this matter, the court finds the defendant guilty as charged, and the defendant is directed to appear in Traffic Court, Part IV with the conviction half of his license on April 21, 1972 for sentence.